No. 3.—John L. Booty, plaintiff in error, vs. Amanda Brazier, admr'x, defendant in error.

A. agrees with B., that in consideration of the labor and service of certain slaves held and owned by B., he will maintain, or cause B. to be suitably supported, for and during the term of her natural life, and A. executes and delivers to B. his obligation to that effect. *Held,* that the transfer of A's interest in the slaves to C., is a sufficient consideration for the note given by C. to A. for the purchase of said interest.

Assumpsit, from Monroe Superior Court. Tried before Judge Powers, at March Term, 1856.

This was an action brought by John L. Booty against Amanda W. Brazier, administratrix of Elijah W. Brazier, junior, deceased, for the recovery of the amount due on a promissory note, of which the following is a copy, to-wit:

"$1070. By the 25th day of December, eighteen hundred and fifty-three, I promise to pay John L. Booty, or bearer, one thousand and seventy dollars for value received. December the 21st, 1852.

(Signed,) E. W. BRAZIER. Junior.

The defendant pleaded the general issue. And further, that the consideration of said note was a number of negroes so'd by Booty to Brazier, and to which Booty, at the time of the sale, had no right or title, but the same belonged to one Lydia Locke, and that said promissory note is wholly without consideration and void.

The facts of the case are substantially as follows:

Lydia and Elizabeth Locke, two old maiden ladies, aunts of Booty, resid edin the county of Warren prior to 1848, and owned there a settlement of land, negroes and stock. Plaintiff Booty went to Warren, and induced his aunts to remove to the county of Monroe, and live with him; he sold their lands for about $3300, and one negro. In 1843, the Misses Locke, with their negroes, removed to Booty's house in

Monroe county, he promising to treat them well, and to take care of their negroes. They remained there until 1851, when some difficulty and unpleasant feelings arising about Booty's treatment and management of the negroes, the Misses Locke left his house and took with them their negroes, and went to live with E. W. Brazier, junior, who resided in the neighborhood.

In 1849, an instrument in writing, of the following form and purport, had been executed by Booty, and delivered to Miss Lydia Locke, (to whom it seems the negroes alone belonged,) said instrument drawn agreeably to the directions of Booty and said Lydia, read over to her, and by her handed over to Edmund Dumas, the draughtsman, for safe keeping, to-wit:

GEORGIA, } Know all men by these presents, I, Monroe County, } John L. Booty, am held and firmly bound unto Lydia Locke and Elizabeth, in the just and full sum of one thousand dollars, for the true payment of which I bind myself, my heirs, executors and administrators, jointly and severally, firmly, by these presents, sealed with my seal, and dated this — January, 1849.

The condition of the above obligation is such, that whereas the said Lydia Locke has this day, put under the control and management of the above named John L. Booty, the following named negroes, viz : Edney, Reddick, Jane, Hester, Ann and Fanny, which negroes are to be clothed, fed and managed as the said John L. Booty's negroes, and that the said John L. Booty is to control and manage them, and to have the proceeds of their labor for and during the natural life of the said Lydia and Elizabeth Locke.

Now, if the said John L. Booty does feed and clothe the said Lydia and Elizabeth Locke in a decent-like manner suitable to their conditions in life, for and during their natural lives, or cause it to be done, then the above obligation to

be null and void, otherwise to remain in full force and virtue.

(Signed) JOHN L. BOOTY, [L. S.]

Test, EDMUND DUMAS.

After the difficulty and removal of the Misses Locke and their negroes to Brazier's, he made an agreement with Booty and agreed to take up the above bond, and give his own in lieu thereof, and in consideration of Booty's relinquishment of his rights, and interest in said negroes, under and by virtue of said instrument, the note upon which this action is brought was given.

There was some conflicting testimony, and the presiding Judge charged the jury, that to support a contract, there must be a legal consideration—therefore to entitle plaintiff to recover on this note, there must be such a consideration to support it as the law regards as valuable. The alleged consideration of this note is the surrender by Booty of his claim to the negroes of Miss Locke. He had no such claim to them by the bond, the abandonment of which would or could constitute a consideration for the note. If the note was given for this claim, it is without legal consideration. His bond was only obligatory on him while Miss Locke chose to continue her negroes with him; when she withdraw them he could not be compelled to support her or pay the bond. She had executed no deed or conveyance of her negroes, or interest in them to him, by accepting the bond, but failing to sign it herself—it being intended to be signed by all parties.

The jury found for the plaintiff the amount of the note, notwithstanding the charge of the Court. Defendant moved to set aside the verdict, and for a new trial, which was granted, and plaintiff excepted and assigns error.

PINCKARD & GIBSON, for plaintiff in error.

TRIPPE, for defendant in error.

Booty vs. Brazier, admr'x.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Conceding that the note sued on, was given for the negroes, of which we apprehend there can be no doubt, the only question in the case is, was it founded upon a valid consideration? If it was, the verdict of the jury was right, and the court was wrong in granting a new trial.

It seems that Lydia and Elizabeth Locke, two maiden aunts of John L. Booty, were residing in the house with him; that there were on the plantation, five negroes belonging to one or both of these females; that in January 1849, Booty and his aunts entered into an agreement to the effect that he was to maintain them during their lives, or cause it to be done, and that he was to have the use of the negroes, for and during that time. Booty executed his bond in fulfillment of his own part, and it was delivered by Lydia Locke to Edmund Dumas, the friend of the obligee, to keep for her. Booty took possession of the slaves; treated them as his own for some time, when the old ladies became dissatisfied; left abruptly, carrying off the negroes with them. Some negotiations ensued for the return of the parties, which failed of success. They took up their abode at Elijah W. Brazier's, the intestate of the defendant. Booty, instead of repossessing himself of the negroes as he was unquestionably entitled to do, acceded to a proposition from Brazier to transfer to him his interest in the slaves, for fifteen hundred dollars, which was three hundred less than Brazier was willing to have given, and at the same time a satisfactory arrangement was made, to substitute Brazier's bond for Booty's, for the maintenance of the two aunts, and here the matter ended.

Can there be a doubt, that the note thus given by Brazier to Booty for the life interest which Booty held in the negroes, was founded upon a valuable consideration? We think not, and consequently, reverse the judgment of the Court below, ordering a new trial.

Judgment reversed.